**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | BANKRUPTCY NO. |
| | * | |
| JFK CAPITAL HOLDINGS, LLC | * | 15-11084 |
|     Debtor | * | |
| | * | CHAPTER 7 |
| | * | |
| | * | SECTION "A" |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OBJECTION TO FIRST AND FINAL APPLICATION BY ATTORNEYS FOR TRUSTEE FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

**NOW INTO COURT**, through undersigned counsel, come Louis C. Pannagl and 2909 Constance Street, L.L.C. (hereinafter collectively "Creditors"), who object to the First and Final Application by Attorneys for Trustee for Compensation and Reimbursement of Expenses (Rec. Doc. 68), filed by Mark S. Goldstein and Alicia M. Bendana.

Louis C. Pannagl and 2909 Constance Street, L.L.C. Are creditors of the estate of John F. Kelly, III, and stand to be direct beneficiaries of the assets of this estate, once the trustee and the attorneys for the trustee have received all sums that are otherwise due them. Simply put, every penny that is used to pay the administrative expenses of the estate of JFK Capital Holdings, LLC, will be one less penny that can go to pay the claim of Pannagl and 2909 Constance.

Creditors adopt the objections raised by the trustee of the estate of John F. Kelly, III. (Rec. Doc. 75). As Ms. Rivera-Fulton points out, several creditors had moved against Kelly

and his multitude of companies to ask the courts to determine that Kelly and his companies were single business enterprises. Pannagl and 2909 Constance are two such creditors. On September 4, 2014, Pannagl and 2909 Constance filed suit against Kelly, his daughter and 32 of his companies, seeking to revoke transfers of interests in some of those companies, and seeking to determine that newly created LLC's and the previously existing LLC's were practicing a shell game of keep away the assets. *Louis C. Pannagl and 2909 Constance Street, L.L.C. v. John Kelly a/k/a John F. Kelly, III, Colleen Kelly a/k/a Colleen C. Kelly a/k/a Colleen C. Dupepe, et al.*, case no. 742,010 on the docket of the 24th Judicial District Court for the Parish of Jefferson. Pannagl and 2909 Constance sought injunctive relief against Mr. Kelly and 32 of his companies, including the debtor in this case, JFK Capital Holdings, LLC.

On September 15, 2015, the 24th Judicial District Court entered a preliminary injunction against Kelly, Kelly's daughter, JFK Capital Holdings, LLC and numerous of Kelly's other companies:

> "... and each of them, and their officers, employees, members, managers, agents and attorneys and those persons acting in concert or participation with them or any of them, be and they are each and all preliminarily enjoined from:
>
> a.  making any payments or other distributions of money or property to defendant Kelly, to defendant Colleen Kelly, or to any of the Companies, during the pendency of this lawsuit.

> b. making any transfers of money or property to any other person, other than in the normal and usual course of business, during the pendency of this lawsuit.
>
> c. alienating, transferring, encumbering, mortgaging, pledging, hypothecating, leasing, re-leasing or otherwise disposing of any of the membership interests in any of the Companies, during the pendency of this lawsuit.
>
> d. alienating, transferring, encumbering, mortgaging, pledging, hypothecating, leasing, re-leasing or otherwise disposing of any of any Company's property or interests in property, movable or immovable, real or personal, corporeal or incorporeal, tangible or intangible, whether currently owned, or hereinafter acquired, or converting any such property to property of a type that is exempt from seizure and/or sale to satisfy a money judgment, during the pendency of this lawsuit.

Judgment dated September 15, 2014, at p. 2. A certified copy of that judgment is attached hereto and made a part hereof, as Exhibit A.

In fact, that injunction was also utilized by Pannagl, 2909 Constance and Ms. Rivera-Fulton, to stop another one of Kelly's companies, 838 Lowerline, LLC, and the recovery of an additional $312,723.21, from the assets of 838 Lowerline, LLC, that will be used to pay creditors of the Kelly estate.[1] The same would have

---

[1] See Consent Judgment Modifying Preliminary Injunction, signed November 10, 2014, Exhibit B to this objection, which allowed 838 Lowerline, LLC to sell a piece of immovable property, and place $312,723.21 of the purchase price into its attorney's escrow account, and the Second Consent Judgment Modifying Preliminary Injunction, signed February 6, 2015, Exhibit C to this objection allowing that attorney to turn those sums over to the trustee of Kelly's estate, for deposit into the registry of this court.

3

happened, without the need for excessive attorneys fees, in the case of JFK Capital Holdings, LLC.

Creditors would further emphasize that the creditors of this estate should not be subject to the additional administrative expenses of two trustees and the attorneys for two trustees, as they seek to recover at least some of the money that is owed to them by John Kelly, who has basically played a shell game with his assets, that is now being perpetuated (although not intentionally) by allowing two trustees to "administer" the same funds.

To the extent that JFK Capital Holdings, LLC was a part of a single business enterprise (a fact that is pretty difficult to refute, given Mr. Kelly's testimony at his Rule 2004 examination) Mr. Kelly's trustee is already the person who is entitled to possession and control of all of the assets of all of his companies, as those companies never truly existed as entities separate and apart from John Kelly. The single business enterprise action is, in effect, a simulation action, asking the court to declare that the actions of the parties did not result in a transfer of any interest in any property, and that property always was part of the patrimony of the person who instigated the simulations, in this case, John Kelly. See, e.g., *Creech v. Capitol Mack, Inc.*, 287 So.2d 497 (La.1973); *Russell v. Culpepper*, 344 So.2d 1372 (La.1977). The simulation that was the creation of

4

these companies, and the subsequent transfer of the property of these companies were all within the patrimony of John Kelly, and never resulted in any property being actually vested in any juridical person, whose very existence was a part of the sham that John Kelly perpetrated.

As Kelly testified at his 2004 examination, he created companies as needed, to take title to property, but he never followed any formalities, except when it was necessary to make it appear, from the face of the public records, that one of his entities was acquiring, mortgaging or selling immovable property. The money went back and forth among the companies, without regard to the fact that Kelly had created these companies, and, from his testimony at his 2004 examination, it was clear that he never intended to operate these companies as separate entities, even down to claiming each company's income and expenses on his personal tax returns.

As of this moment, JFK Capital Holdings, LLC, does not exist as a separate juridical entity, separate and apart from John Kelly. Its "patrimony" is actually part and parcel of his patrimony. This is the nature, the very definition, of the single business enterprise. Mr. Kelly's actions in creating, and then disregarding, not just the 30+ companies that Creditors located,

but others that the trustee has uncovered, make it clear that there is but one patrimony here.

Therefore, the court should scrutinize the application for attorneys fees, and, when it does so, it will determine that little, if any, legal work was required that actually benefitted anyone. That is one of the most practical criteria that the court must use in evaluating an application for attorney fees: Was the work that was performed needed, and did that work actually benefit the persons that it was supposed to benefit. Here, the clear answer is, "Not so much."

                                  NEWMAN, MATHIS, BRADY & SPEDALE
                                  A Professional Law Corporation
                                  433 Metairie Road, Suite 600
                                  Metairie, Louisiana  70005
                                  Telephone:  (504) 837-9040
                                  By:__/s/Mark C. Landry_____
                                        Mark C. Landry
                                        Bar Code No. 7991